IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LORI ANN DAVIS, | * | |
|   Plaintiff | * | |
|     v. | * | CIVIL No. 12-3738-JKB |
| BIOMET ORTHOPEDICS, LLC, *et al.*, | * | |
|   Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Lori Ann Davis ("Plaintiff") brought this action against Biomet Orthopedics, LLC ("Biomet LLC"),[1] Biomet, Inc., and Mid Atlantic Medical, LLC ("Defendants") alleging state law claims for injuries caused by a defective hip replacement implant. Now pending before the Court are Plaintiff's motion to remand the case to state court (ECF No. 11) and Biomet LLC's motion to stay proceedings (ECF No. 12). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Defendant's motion to stay proceedings (ECF No. 12) will be GRANTED, and the Court will defer consideration of the Plaintiff's motion to remand (ECF No. 11), which remains pending.

### I. BACKGROUND

On November 13, 2012, Plaintiff filed this action in the Circuit Court of Maryland for Baltimore City. (*See* Compl., ECF No. 3.) The complaint alleges that Plaintiff was harmed by a prosthetic hip implant device, which the Biomet Defendants "designed, manufactured, labeled, distributed, marketed and/or sold" and for which Mid Atlantic "served as a sales, service and

---

[1] Plaintiff incorrectly identified this defendant as Biomet Orthopaedics, LLC.

product information" conduit between the Biomet Defendants and its customers. (*See* Compl. ¶¶ 5-7.) More than 100 civil actions related to this hip replacement implant have been consolidated for pretrial proceedings before the Honorable Robert L. Miller, Jr., of the United States District Court for the Northern District of Indiana, in what is referred to as Multidistrict Litigation ("MDL") No. 2391. (Conditional Transfer Order, ECF No. 12-2.)

Biomet LLC removed the action to this Court on December 20, 2012, invoking this Court's diversity jurisdiction. (Notice of Removal, ECF No. 1.) On December 27, 2012, The U.S. Judicial Panel on MDL issued a conditional transfer order, noting that it "appears that [this action] involves questions of fact that are common to" the MDL. (Conditional Transfer Order.) On January 8, 2013, Plaintiff filed her motion to remand the proceedings to state court (ECF No. 11). On January 9, 2013, Biomet LLC filed its motion to stay the proceedings (ECF No. 12).

## II. LEGAL STANDARD

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts should consider three factors when ruling on a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DuPuy Orthopaedics, Inc.*, No. 12 Civ. 2274 (JFA), 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)).

Generally, an action brought in a state court may be removed only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v.*

*Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal courts "must strictly construe removal jurisdiction," because it "raises significant federalism concerns." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. ANALYSIS**

Plaintiff argues that it would be inappropriate for the Court to defer the question of federal subject matter jurisdiction to the MDL court because of the fundamental nature of the Court's subject matter jurisdiction. The Court disagrees. "The Judicial Panel on Multidistrict Litigation has held that a district court judge has the authority to either wait for a transfer order without ruling on a motion to remand, or to rule on the motion before a transfer order has been issued." *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 511 (D. Md. 2002) (citing *In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (Jud. Pan. Mult. Litig. 2001)); *see also Yearwood v. Johnson & Johnson, Inc.*, No. 12 Civ. 1374 (RDB), 2012 WL 2520865, *3 (D. Md. June 27, 2012). Deferring this decision to the transferee judge can be appropriate where it will prevent repetitive pretrial rulings, encourage consistency among those rulings, and preserve the resources of the parties, their counsel and the judiciary. *Id.*

The first factor to be considered in determining whether to grant a stay is the interests of judicial economy. Plaintiff argues that deferring decision of federal subject matter jurisdiction will not promote uniformity or preserve judicial resources because "jurisdictional issues are unique to each case and require individualized evaluation." (Pl. Br. at 10, ECF No. 13.) However, it is clear from the filings in this case that there are factual and legal issues that are likely to be raised in many of cases before the MDL. Plaintiff's argument for remand relies heavily on the Biomet Defendants' statements in unrelated litigation about their relationships

3

with their distributors. (Pl. Remand Br. at 7-8.) Based on a preliminary review of the arguments for and against remand, it appears that the issue of fraudulent joinder may hinge on such factual issues (which are not necessarily specific to Mid Atlantic or to this case).

In addition, Biomet LLC argues that any state law claims against Mid Atlantic are preempted by federal law, citing *PLIVA, Inc. v. Mensing*, 564 U.S. ---, 131 S. Ct. 2567 (2011). (Def. Remand Opp. Br. at 16, ECF No. 15.) It is likely that the same issue will arise in other cases with similar motions to remand before the MDL court; indeed, Defendant represents to the Court that the same issue has arisen in several other cases. (*See id.* at 7-8) Some issues will differ across cases, but the most critical and difficult issues in relation to preemption—*e.g.,* what is required of Defendants by relevant federal laws and regulations; the scope of the *Mensing* decision—will be common to all of these motions. Allowing the MDL court to resolve this issue would be efficient and avoid the possibility of conflicting decisions.

The two remaining factors to consider in determining whether to stay proceedings are the hardship to the Defendants if the action is not stayed and the prejudice to Plaintiff if the action is stayed. There is a real risk that Defendants will face hardship and prejudice if a stay is not granted. Absent a stay, Defendants will be forced to duplicate its litigation efforts and perhaps face inconsistent decisions in the different courts. *See, e.g., Freisthler v. DePuy Orthopaedics, Inc.*, No. 11 Civ. 6580 (DSF), 2011 WL 4469532, *2 (C.D. Cal. Sept. 21, 2011). In addition, Plaintiff has not established that it will face substantial prejudice if the case is stayed. Although it is possible, as Plaintiff argues, that Plaintiff will face some delay as a result of the MDL process, Plaintiff has not established that any such delay would be prejudicial. "[T]here is no evidence that the JPML is delaying resolution of whether this case should be transferred to the MDL court, nor is there any evidence that the pending MDL . . . is proceeding slowly." *Brewer*

*v. DePuy Orthopaedics, Inc.*, No. 12 Civ. 1473 (TEH), 2012 WL 1595083, *2 (N.D. Cal. May 4, 2012). For these reasons, the balance of the parties' interests tips in favor of a stay.

**IV.　CONCLUSION**

Accordingly, an order shall issue GRANTING Defendant's motion to stay the proceedings (ECF No. 12) and DEFERRING CONSIDERATION of Plaintiff's motion to remand (ECF No. 11), which remains pending.

Dated this <u>22nd</u> day of February, 2013

BY THE COURT:

/s/
James K. Bredar
United States District Judge